# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 13** |
| **RICHARD K. WATTS,** ) | |
| **ELISA C. WATTS** ) | |
| ) | **Bankruptcy No. 13-00395** |
| **Debtors.** ) | |
| ) | |

## RULING ON MOTION TO CONFIRM TERMINATION OF STAY AND MOTION FOR RELIEF FROM STAY

These matters came before the Court on Creditor Robert Bird's Motion to Confirm Termination of Stay and Motion for Relief from Stay. The Court held a hearing on these Motions on June 21, 2013 and status conferences on July 12, 2013 and August 28, 2013. Attorney Derek Hong appeared on behalf of Debtors Richard K. Watts and Elisa C. Watts (collectively "Debtors"). Attorney Wesley Huisinga appeared on behalf of Robert Bird. After hearing the parties' arguments and follow up comments at the status conferences, the Court took the matters under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

### STATEMENT OF THE CASE

Bird filed a Motion to Confirm Termination of Stay and, in the alternative, Motion for Relief from Stay. Bird asserts that property covered by a lease between Bird and Debtors is excluded from the automatic stay under § 362(b)(22). Alternatively, Bird asserts that if the automatic stay applies to the property, cause

exists to lift the stay under 11 U.S.C. § 362(d)(1).  Debtors resist Bird's motions, asserting that § 362(b)(22) is inapplicable and cause does not exist to lift the stay under § 362(d)(1).  For the following reasons, the Court finds that § 362(b)(22) does not exclude the property under the lease from the automatic stay, but cause exists to lift the automatic stay for all property under the lease.

## FINDINGS OF FACT

Bird and Debtors entered into a lease on October 16, 2010.  The lease covered two connected properties: 505 Cedar Street, Suite A, Tipton, Iowa 52772 (the "Residential Property") and 509 Cedar Street, Tipton, Iowa 52772 (the "Commercial Property").  The Residential Property is a five-bedroom apartment where Debtors resided with their four sons.  It is situated above the Commercial Property, which Debtors used to operate a restaurant.  The lease began on November 1, 2010 and was set to end on October 31, 2015.  Rent under the lease was $800 per month. The lease did not subdivide the rent by property.  The lease also included an exclusive option to purchase both properties for $150,000. Section 12 of the lease allowed Bird to terminate the lease in the event of default for the nonpayment of rent.

After the parties entered into the lease, Debtors invested funds to convert the Commercial Property from its former use as a tattoo parlor into a restaurant. Subsequently, problems arose at that property due to a leaking roof.  Also, Debtors

2

were forced to pay outstanding property taxes. In response to these issues, Debtors withheld rent on the lease beginning in December 2011. On July 31, 2012, Bird, through his attorney, sent Debtors a letter stating that Debtors were in default for not paying rent and had 14 days to cure the default or the lease would terminate. The letter referenced only the Commercial Property. Debtors did not pay the outstanding rent balance. Bird then sent Debtors a Notice to Quit on September 1, 2012 stating the lease was terminated under Section 12 of the lease. The Notice to Quit also referenced only the Commercial Property.

On September 25, 2012, Bird filed a Petition for Forcible Entry and Detainer in the Iowa District Court for Cedar County (the "FED"). The FED only listed the Commercial Property and stated the lease had terminated for failure to pay rent.

Cedar County Magistrate Stuart Werling held a small claims trial on October 25, 2012. The court found that Debtors owed $5,449 in rent after subtracting the amount Debtors paid for Bird's property taxes. The court noted that the lease covered both residential and commercial properties and that the rent did not distinguish between the two. The court found Debtors were not entitled to withhold rent under the lease for two reasons: 1) the Iowa statute allowing lessees to withhold rent does not apply to commercial leases; and 2) Debtors did not carry their burden to prove the repairs were necessary—a requisite under the Iowa statute. The court entered judgment ordering Bird have possession of "the

3

premises." Notably, Bird's FED petition only requested possession of the Commercial Property and the court's judgment ordering possession did not state that it applied to the Residential Property as well.

Debtors appealed the Magistrate's ruling to a District Court judge in the Iowa District Court for Cedar County. The District Judge issued a ruling on November 19, 2012 affirming the Magistrate's order. Notably, the District Judge stated in the opinion that the Magistrate's ruling was based on both the Commercial Property and the Residential Property.

Debtors filed a Motion to Reconsider with the Iowa District Court, which the court denied on November 26, 2012. Debtors subsequently appealed to the Iowa Supreme Court, which affirmed the District Court's ruling on March 8, 2013.

On March 19, 2013, Debtors filed a Chapter 13 Petition with this Court. Debtors' proposed Chapter 13 Plan seeks to assume the lease covering the two properties. Bird filed a Motion to Confirm Termination of Stay and a Motion for Relief from Stay. Bird argues that the automatic stay does not apply to the leased premises under 11 U.S.C. § 362(b)(22) because Bird terminated the lease before the bankruptcy. Bird further argues that even if the automatic stay is in effect, relief from the stay is appropriate under § 362(d)(1) because 1) Debtors cannot assume a terminated lease under § 365(c)(3); 2) Debtors have abandoned the

property; 3) Debtors' plan is not feasible; and 4) Debtors cannot provide adequate assurance of future performance.

Debtors resist, arguing that the premises is protected as Debtors' dwelling under § 365. Further, Debtors argue that § 362(b)(22) is inapplicable because the Iowa District Court order for possession only applied to the Commercial Property. Debtors also argue that cause does not exist to lift the stay under § 362(d)(1) because § 365(c)(3) does not apply and there is adequate assurance of future performance. Finally, Debtors argue that Bird has unclean hands, lifting the stay would unjustly enrich Bird, and Debtors' proposed plan makes Bird whole.

The Court held a hearing on June 21, 2013. Debtor Richard Watts testified. Watts noted that he and his family had moved to Iowa from Colorado and intended to build their life around the leased property. He noted the family lived in the residential space. He wanted to make the restaurant space the family business and key source of income. He detailed the work he had put into the property and the reasons he withheld rent. He noted his belief that the property was critical for he and his family's future.

Not long after the hearing, the parties let the Court know they might be able to resolve the matter themselves. They confirmed in a July 21, 3013 status conference that they were still trying to resolve things. On August 28, 2013, the Court held another telephonic hearing to follow up on potential settlement

discussions. The parties informed the Court that they were unable to come to a settlement agreement. At the hearing, Counsel for Bird informed the Court that Debtors had moved to Colorado, and the City of Tipton recently shut off the utilities. He then argued that Debtors had abandoned the premises. Debtors' counsel admitted that Debtors had moved out but they maintained their interest in the premises. On September 5, 2013, Debtors filed a Notice of Change of Address, confirming their move to Colorado.

## CONCLUSIONS OF LAW

### A. Effect of the Automatic Stay

The filing of a petition for relief under title 11 automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). However, the automatic stay protection does not apply in all cases—there are exemptions enumerated in 11 U.S.C. § 362(b). Bird alleges that the automatic stay does not apply to the leased premises under 11 U.S.C. § 362(b)(22). Section 362(b)(22) excludes from the automatic stay:

> [T]he continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor **involving residential property in which the debtor resides as a tenant under a lease** or rental agreement and **with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession** of such property against the debtor;

6

11 U.S.C. § 362(b)(22) (emphasis added). Bird asserts that the stay does not apply because he obtained judgment for possession before the bankruptcy filing. Debtors argue that § 362(b)(22) cannot apply because the FED petition only named the Commercial Property, and therefore Bird does not have a judgment for possession of the Residential Property as § 362(b)(22) requires. Debtors assert that if they are correct that the judgment was entered only against the Commercial Property, then § 362(b)(22) is inapplicable.

The Court finds that the Iowa District Court only entered a **judgment for possession** of the Commercial Property. The FED petition for possession did not name the Residential Property and thus provided no notice that it would address the Residential Property. Additionally, although the court noted that the lease covered two properties, it did not specifically state at the hearing that the Residential Property was subject to the action, or state in its order for possession that Bird was entitled to possession of the Residential Property. Therefore, § 362(b)(22) cannot apply to the Residential Property.

While this conclusion is dispositive of the § 362(b)(22) issue, the Court will nevertheless address Debtors' other argument on this issue. Debtors also argue that the exception to the automatic stay found in

7

§ 362(b)(22) is inapplicable because it only applies to a lease involving residential property. The Court finds that this lease does involve residential property for § 362(b)(22) purposes. The state court order determined that the **lease was commercial** for the purpose of whether Debtors qualified for the Iowa statute allowing tenants to withhold rent. However it stated, and the parties do not dispute, that the premises is divided into both residential and commercial properties. 11 U.S.C. § 362(b)(22) applies to leases "**involving residential property**." (Emphasis added). There is really no dispute between the parties that residential property is involved because it is property addressed and affected by the lease. Therefore, while the Court finds that § 362(b)(22) can apply to this mixed residential and commercial lease, Bird only has a judgment for possession of the Commercial Property. A judgment on the Commercial Property alone simply does not allow the application of the automatic stay under § 362(b)(22). Thus, the stay applies.

### B. Relief from the Automatic Stay

Bird also made a Motion for Relief from stay if the Court found, as it has, that the automatic stay applied. Bird argues the Court should find cause exists to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1) for both properties. Bird argues cause exists for four reasons: 1) Debtors cannot assume a terminated lease under § 365(c)(3); 2) Debtors have abandoned the property;

8

3) Bird has no adequate assurance of future performance under the lease; and 4) even if it is permissible for Debtors to assume the lease, Debtors' plan is not feasible.

> 11 U.S.C. § 362(d)(1) provides:
>
> On request of a party in interest and after notice and a hearing, the **court shall grant relief from the stay** provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> **(1) for cause**, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1) (emphasis added). "Whether the bankruptcy stay should be lifted in each case lies in the sound discretion of the bankruptcy court." In re Anthony, 481 B.R. 602, 620 (D. Neb. 2012) (citing Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 25 (2000); Small Bus. Admin. v. Rinehart, 887 F.2d 165, 169 (8th Cir. 1989)). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." Id. (citing In re Laguna Assocs. Ltd. P'ship, 30 F.3d 734, 737 (6th Cir. 1994); In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985)).

Bird first argues that cause exists because under § 365(c)(3), Debtors cannot assume a nonresidential lease that has been terminated before the bankruptcy. Section 365(c)(3) provides:

> **(c)** The trustee **may not assume** or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

9

. . .
> **(3) such lease is of nonresidential real property and has been terminated** under applicable nonbankruptcy law **prior to the order for relief.**

11 U.S.C. § 365(c) (emphasis added).  When a lease is not assumable under § 365(c)(3), cause exists to lift the stay for actions regarding the property under the lease.  See In re Huffman, 171 B.R. 649, 653 (Bankr. W.D. Mo. 1994); In re Memphis-Friday's Associates, 88 B.R. 830, 843 (Bankr. W.D. Tenn. 1988); In re Everest Crossing, LLC, 416 B.R. 361, 362 (Bankr. D. Mass. 2009); In re M & R Apparel, Inc., 92 B.R. 565, 570 (Bankr. D. Conn. 1988); In re Masterworks, Inc., 94 B.R. 262, 268 (Bankr. D. Conn. 1988).

The Court finds there is cause to lift the stay because the lease is not assumable under § 365(c)(3).  In this case, there is only one lease but it covers both residential and commercial property.  The state court order found that although there were separate **properties** under the lease—one residential and one commercial—the **lease** itself was commercial with the residential portion as an add-on.  It was written as a commercial lease in style and form.  Since the **lease** is commercial, it falls under § 365(c)(3).

Bird effectively terminated the lease pursuant to Section 12 of the lease. Section 12 of the parties' lease states, in part:

> In any default in the payment of rent . . . the lease, at the option of the Lessor shall terminate . . . .  Lessees shall be given a written notice of any such default . . . and termination and forfeiture of this

10

    lease and option shall not result if within fourteen (14) days of receipt of such notice, Lessees have corrected the default . . . .

Bird Ex. A, at 4.

"Whether a lease has terminated is a question of state law." In re Foote, 277 B.R. 393, 396 (Bankr. E.D. Ark. 2002). In order to terminate a lease, a landlord is required to "manifest its intent to do so by some clear and unequivocal act." Jack Moritz Co. Mgmt. v. Walker, 429 N.W.2d 127, 130 (Iowa 1988).

Bird sent Debtors a letter, as required by the lease, giving Debtors notice of default and stating that if Debtors did not cure default within 14 days, Bird would forfeit the lease. After Debtors did not cure the default, Bird filed a Notice to Quit. The Notice to Quit stated that Bird had terminated the lease under to Section 12. The Court finds that these facts establish that Bird terminated the one and only lease at the time of the Notice to Quit. Bird's Notice to Quit was a "clear and unequivocal act" to terminate the lease and followed the termination procedure in the parties' contract. See id. The fact that Bird did not bring the FED action against both properties does not change the analysis. The one and only lease was terminated.

At a minimum, this is indisputably at least partially a lease "of nonresidential real property" that "has been terminated." See § 365(c)(3). The termination also indisputably happened "prior to the order for relief." Id. Because it is at least partially, if not substantially, a "nonresidential real property" lease, it

11

falls under § 365(c)(3). Debtors have attempted to assume the whole lease, not just the residential portion. Debtors have made no argument that there is a basis to assume only part of a single lease.

Because the Court finds that the lease was validly terminated, § 365(c)(3) applies, and the lease is not assumable by Debtors. Since the lease is not assumable under § 365(c)(3), the Court finds that cause exists to lift the automatic stay for all property under the lease.

While the Court's finding that there is cause to lift the stay under § 362(d)(1) because the lease cannot be assumed under § 365(c)(3) is dispositive, the Court nevertheless will also briefly address Bird's other "for cause" arguments. The Court finds those other arguments are persuasive as well.

The undisputed factual record shows Debtors moved back to Colorado after the hearing on relief from stay. Bird's counsel stated these facts in a status conference with the Court on August 28, 2013. Debtors' counsel asked for a chance to response, which the Court granted. Debtors' counsel never addressed or disputed the issue. Debtors filed a change of address with the Court noting their new Colorado mailing address. This undisputed fact—that Debtors moved to Colorado—contradicts and renders Debtors' testimony at the hearing about building their life around this property in Tipton, Iowa not credible. Based on this, the Court finds Debtors have abandoned the property. The Court also specifically

12

finds Debtors neither offered nor can provide adequate assurance of future performance or adequate protection of any sort. Additionally, their return to Colorado demonstrates the current plan is probably not feasible. For all these reasons, cause exists to life the stay.

**WHEREFORE**, Bird's Motion to Confirm Termination of Stay is **DENIED.** Bird's Motion for Relief from Stay is **GRANTED**.

Dated and Entered:  November 12, 2013

_____
**THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE**